**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Lawrence Allen, | No. CV-16-00105-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Corrections, | |
| Defendant. | |

Defendant Arizona Department of Corrections ("ADOC") moves to dismiss this action. Doc. 17. The motion has been fully briefed (Docs. 23, 25) and no party requests oral argument. Because Plaintiff's claim is barred by the Eleventh Amendment of the U.S. Constitution, the Court will grant the motion without leave to amend.

Plaintiff's allegations are accepted as true for purposes of this motion. Plaintiff is a former Indiana State Trooper who suffers from deafness of the right ear. Doc. 1 at 2-3. On November 5, 2013, ADOC made Plaintiff a conditional job offer for a positon as a correctional officer. *Id.* at 2. The next day, Plaintiff underwent a medical examination. *Id.* Following the examination, ADOC informed Plaintiff that he did not meet the medical standards for the position, but that he was eligible to receive a medical waiver. *Id.* Plaintiff submitted a request for such a waiver, but this request was denied. *Id.*

Thereafter, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. He received a right to sue letter on November 10, 2016. *Id.* at

6. On January 19, 2016, he initiated this action, asserting a hiring discrimination claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a).

Defendant argues that this claim is barred by the Eleventh Amendment. The Court is constrained to agree. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[1]  The Supreme Court has held that this amendment applies not only to states, but to state agencies like ADOC. *See, e.g., Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit."). In addition, the Court has held that Congress may not abrogate this immunity, except where it acts pursuant to a constitutional amendment post-dating the Eleventh Amendment. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72-73 (1996). Most commonly, valid abrogation of the Eleventh Amendment occurs where Congress acts under section 5 of the Fourteenth Amendment to enforce that amendment's substantive guarantees of due process and equal protection. *See id.* (discussing *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976)).

Applying these principles, the Supreme Court held in *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001), that state agencies were immune to private suit under Title I of the ADA, the portion of the statute pertaining to employment discrimination. The Court explained that Title I was not a valid exercise of Congress' authority under section 5 of the Fourteenth Amendment: "[I]n order to authorize private individuals to recover money damages against the States, there must be a pattern of discrimination by the States which violates the Fourteenth Amendment." *Id.* at 374. The Court concluded that no pattern of state discrimination against disabled employees had

---

[1] The Supreme Court has extended the Eleventh Amendment to protect states from being sued by their own citizens in federal court. *See Hans v. Louisiana*, 134 U.S. 1, 15 (1890). Because Plaintiff is a resident of Florida suing a department of the State of Arizona, however, the Eleventh Amendment applies by its express terms.

been demonstrated. *Id.* Thus, the ADA did not validly abrogate State's Eleventh Amendment immunity. *Id.*

As in *Garrett*, Plaintiff has sued a state agency under Title I of the ADA, and the agency has asserted its Eleventh Amendment immunity. Under *Garrett*, the Court must dismiss the claim.

Plaintiff objects that this will leave him without a remedy. The Supreme Court sought to assuage similar concerns in *Garrett*:

> Our holding here that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I does not mean that persons with disabilities have no federal recourse against discrimination. Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908). In addition, state laws protecting the rights of persons with disabilities in employment and other aspects of life provide independent avenues of redress.

*Id.* at n.9.

The defect in Plaintiff's claim is jurisdictional and cannot be cured by pleading additional facts. Nor can Plaintiff cure this defect by substituting a state officer as defendant. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Since any amendment would be futile, the Court will dismiss the case without leave to amend.

**IT IS ORDERED** that the motion to dismiss (Doc. 17) is **granted with prejudice.** The Clerk of the Court shall enter judgment accordingly and **terminate** this case.

Dated this 22nd day of July, 2016.

David G. Campbell
United States District Judge